IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION


**GRADY KENT**                                                                   **PLAINTIFF**

**NATURES SECOND CHANCE HAULING, LLC, and**
**CONTINENTAL INDEMNITY COMPANY**                                **INTERVENORS**

VS.                                       CIVIL ACTION NO. 3:17-cv-350-WHB-JCG


**INTERNATIONAL PAPER COMPANY and**
**JOHN DOES 1-5**                                                             **DEFENDANTS**

## OPINION AND ORDER

This cause is before the Court on the Motion of Defendant for Summary Judgment. Having considered the pleadings, attachments thereto, as well as supporting and opposing authorities, the Court finds the Motion should be granted in part, and presently denied in part.

To the extent the Motion seeks summary judgment on the claim for punitive damages, the Motion will be granted as acknowledged.

To the extent the Motion seeks summary judgment on the issue of liability, the Motion will be denied because the Court finds that issue is governed by Louisiana law as opposed to Mississippi law as argued by the parties in their pleadings.


### I.   Factual Background and Procedural History

International Paper ("IP") owns a paper mill in Bogalusa, Louisiana ("IP Mill"), at which it produces fiber based packaging, pulp and paper. In 2016, IP entered a purchase order agreement

with WestRock for the purpose of obtaining recycled or recovered old corrugated container materials ("OCC").  WestRock, in turn, subcontracted with Nature's Second Chance Hauling ("Nature's Second") to deliver the OCC materials to the IP Mill.  Grandy Kent ("Kent"), who was employed as a truck driver by Nature's Second, made multiple deliveries to the IP Mill.

In March of 2016, Kent arrived at the IP Mill for the purpose of delivering OCC materials he had loaded onto his truck at two retailers in Mississippi.  On arrival, a "red strap" test was performed to assess whether there was any pressure on the doors of the trailer.[1]  No tension was detected during the performance of the red strap test.  Thereafter, Kent opened the right door of the trailer without incident.  Upon opening the left door, two OCC bales, which weigh between 800 and 1,200 pounds each, fell out of the trailer and struck Kent.  Kent suffered a broken leg and other injuries as a result of the incident.

Kent filed a Complaint in this Court against IP seeking actual and punitive damages on claims of negligence/premises liability.[2]

---

[1] As understood by the Court, a red strap test is used to determine whether any of the bales of OCC material had shifted during transport.  The test is performed by placing a red strap between the doors of the trailer, and then opening the doors.  Tension on the strap indicates that the bales have shifted, and are pressing against the trailer doors.

[2] As the parties to the lawsuit are diverse, and the amount in controversy exceeds $75,000.00, the Court may exercise federal subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1332.

Nature's Second and its workers' compensation insurance provider, Continental Indemnity Company, later intervened in the case. IP has now moved for summary judgment on Kent's claims.

## II.   Discussion

The undisputed facts in this case evidence that Kent was injured at the IP Mill, which is located in Louisiana. As a preliminary matter, the Court finds it must decide whether the law of that state should be applied in this case. See e.g. Aspen Specialty Ins. Co. v. Technical Indus., Inc., 2015 WL 339031, *1 (W.D. La. Jan. 22, 2015)(finding that the court may *sua sponte* raise the choice of law issue as necessary). Because the Court is sitting in diversity, it applies Mississippi law when conducting its choice of law analysis. See St. Paul Mercury Ins. Co. v. Lexington Ins. Co. 78 F.3d 202, 205 (5th Cir. 1996).

The first question considered by the Court is whether there is a conflict between Louisiana and Mississippi law that would have direct bearing on the claims to be adjudicated in this case. The Court finds that such a conflict does exist.

Under Mississippi law, IP would not be considered a prime or general contractor for the purposes of applying the exclusivity provision in workers' compensation law and, therefore, not immune from Kent's negligence-based claims. See e.g. Thomas v. Chevron U.S.A., Inc., 212 So.3d 58 (Miss. 2017). In Thomas, the facts

3

showed that Chevron had entered a contract with American Plant Services, Inc. ("API"), to provide maintenance at one of its facilities. After Quindon Thomas, an employee of API, was injured while providing maintenance at the Chevron facility, he filed suit against Chevron.  On review, the Mississippi Supreme Court held that Chevron, as a premises owner, could not be considered a prime or general contractor for the purposes of the Mississippi Workers' Compensation Act and, therefore, was not immune from Thomas's negligence claims. Id. at 64.

Under Louisiana law, however, IP could be immune from suit based on the two contract statutory provision, which provides: "A statutory employer relationship shall exist whenever the services or work provided by the immediate employer is contemplated by or included in a contract between the principal and any person or entity other than the employee's immediate employer." LA. STAT. ANN. § 23:1061 A(2).  The defense is applicable in cases in which there exists contractual relationships among at least three entities; "a general contractor which has been hired by a third party to perform a specific task; a subcontractor hired by that general contractor; and an employee of the subcontractor" who is injured. Orillion v. Alton Ochsner Med. Found., (La. App. 1996). In Orillion, the facts showed that Alton Ochsner Medical Foundation (Ochsner") had entered a construction contract with Brice Building Company ("Brice"), which in turn subcontracted with Rush Masonry, Inc. ("Rush").

4

After Jason Orillion, an employee of Rush, sustained an on-the-job injury, he filed a premises liability action against Ochsner and Brice. On review, the court found that Orillion could not "establish tort liability against Brice or Ochsner" because the facts established that Ochsner had contracted with Brice, and Brice contracted with Rush, thereby implicating the two contract statutory defense. It appears that the two contract defense could likewise be applicable in this case because IP contracted with WestRock, which in turn subcontracted with Nature's Second – Kent's immediate employer.

As a conflict of law exists, the Court must now undertake a choice of law analysis, which requires consideration of the factors set forth in the Restatement (Second) Conflict of Laws. See Mitchell v. Craft, 211 So. 2d 509, 515 (Miss. 1968)(adopting the Restatement Second as the rules to be applied when conducting choice of law analysis). The relevant factors are:

> (1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, as to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.
>
> (2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
>
> (a) the place where the injury occurred,
>
> (b) the place where the conduct causing the injury occurred,
>
> (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and

5

> (d) the place where the relationship, if any, between the parties is centered.

"These contacts are to be evaluated according to their relative importance with respect to the particular issue." <u>Mitchell</u>, 211 So. 2d at 515.

Here, Louisiana is the place where (1) the injury occurred, (2) the conduct allegedly causing the injury occurred, (3) the IP Mill is located, and (4) the relationship between IP and Kent was centered. The only Mississippi contact is that Kent is a citizen of this state. As the factors overwhelmingly establish that Louisiana has the most substantial relationship to the parties and events in this case, the Court finds the law of that state governs Kent's negligence/premises liability claims.

As the parties cited only Mississippi law when arguing the Motion for Summary Judgment, the Court finds the Motion is not well taken and should be denied with respect to the issue of liability. Summary judgment will be granted, however, on the issue of punitive damages as (1) the standard for the award of such damages is the same under Mississippi and Louisiana law, and (2) Kent has acknowledged that this case is not appropriate for consideration of punitive damages.

### III. Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Defendant for Summary Judgment [Docket No. 72] is hereby granted in part, and denied in part:

To the extent the Motion seeks summary judgment on the issue of punitive damages, the Motion is granted.

To the extent the Motion seeks summary judgment on the issue of liability, the Motion is denied.

SO ORDERED this the 21st day of September, 2018.

                                                s/ William H. Barbour, Jr.
                                                UNITED STATES DISTRICT JUDGE